```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

| | |
|---|---|
| JAMES ALLEN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-315-JHP-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff James Allen Smith (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 19, 1959 and was 51 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a correctional officer. Claimant alleges an inability to work beginning July 1, 2008 due to limitations resulting from lumbar degenerative disc disease, residual symptoms of a broken left lower

extremity, sciatica, radiculopathy, left knee synovitis, hypertension, and depression.

## Procedural History

On February 26, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On January 13, 2011, an administrative hearing was held before ALJ Osly F. Deramus in McAlester, Oklahoma. On March 18, 2011, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on May 22, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the opinions of Claimant's treating physician;

and (2) reaching an RFC that is not supported by substantial evidence.

### Consideration of Treating Physician's Opinions

In his decision, the ALJ determined Claimant suffered from the severe impairment of chronic back pain secondary to degenerative disc disease of the lumbar spine. (Tr. 14). The ALJ concluded that Claimant retained the RFC to perform a full range of light work. (Tr. 16). After consultation with a vocational expert ("VE"), the ALJ found Claimant could perform the representative job with transferable skills from his past relevant work of security guard and the job with non-transferable skills of ticket seller - both of which exist in substantial numbers in the regional and national economies. (Tr. 21).

Claimant contends the ALJ did not afford the appropriate weight to the opinion of his treating physician, Dr. Larry Lewis. On October 12, 2010, Dr. Lewis completed an RFC Capacity Assessment on Claimant. His primary diagnosis was low back and left leg pain. (Tr. 204). He determined Claimant could occasionally and frequently lift and/or carry less than 10 pounds with increased pain and pain in the left leg, stand and/or walk for less than 2 hours in an 8-hour workday, a requirement that Claimant periodically alternate sitting and standing to relieve pain or

5

discomfort, and limited pushing and pulling in the lower extremities. Dr. Lewis noted that Claimant's pain improves for the time when he changes position but it returns. He also states Claimant pain caused by movement of his feet. (Tr. 205).

Dr. Lewis determined Claimant could never climb, balance, or crouch and could only occasionally stoop, kneel, or crawl. Claimant's pain increased with movement. Dr. Lewis concluded by stating "my opinion is that [Claimant] suffers from significant back pain & radiculopathy into [left] leg." (Tr. 206).

In his decision, the ALJ declined to give Dr. Lewis' opinion controlling weight. He recited the applicable standard for considering whether to provide a treating physician's opinion controlling weight under Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). However, the ALJ concluded Dr. Lewis had infrequent treating visits from Claimant, his findings of significant back pain was not supported by his treatment records, he offered conservative treatment for Claimant's back and pain, he did not refer Claimant to a specialist, and his findings were not supported by medically acceptable clinical and diagnostic techniques and were in conflict with the other medical evidence in the record. (Tr. 20).

The analysis under Watkins does not end with the controlling

6

weight consideration. The ALJ cited the applicable case authority which requires further evaluation of the opinion to determine the weight the opinion is to be afforded but then did not apply that authority to determine the reduced weight Dr. Lewis' opinion should be given and the basis for doing so. This is error and requires further explanation on remand.

Additionally, the ALJ was selective in his evaluation of Dr. Lewis' treatment records and conclusion that his RFC assessment was inconsistent with those records. On remand, the ALJ shall consider the findings that Claimant was unable to sleep, experienced increased stress and depression, developed leg numbness, weakness as a result of pain, gait abnormalities, and decreased lumbar mobility and tenderness. (Tr. 177, 186, 208-09).

**RFC Assessment**

Since Dr. Lewis' opinion was improperly rejected in toto, the ALJ shall re-evaluate his RFC determination after properly considering the weight to be given to Dr. Lewis' opinion.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social

7

Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of August, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE